UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE RAMOS,<br>    *Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF CORRECTION, *et. al.*,<br>    *Defendants*. | No. 3:19-cv-193 (VAB) |

**ORDER**

Jorge Ramos, currently incarcerated at MacDougal-Walker Correctional Institution in Suffield, Connecticut, and proceeding pro se, sued for constitutional violations under 42 U.S.C. § 1983. Complaint, ECF No. 1. On the same day, Mr. Ramos moved to proceed *in forma pauperis*, Motion for Leave to Proceed in forma pauperis, ECF No. 2.

On February 15, 2019, Magistrate Judge Garfinkel filed a notice of insufficiency regarding the *in forma pauperis* motion. Notice to petitioner re: Insufficiency, ECF No. 6. On February 27, 2019, Mr. Ramos then filed an amended motion for leave to proceed *in forma pauperis*. Motion for Leave to Proceed in forma pauperis, ECF No. 7.

On March 5, 2019, Magistrate Judge Garfinkel denied the first motion to proceed *in forma pauperis* and granted the second motion to proceed *in forma pauperis*. Order, ECF No. 9.

After further review, however, the Court concludes that *in forma pauperis* status was improvidently granted. The Prison Litigation Reform Act ("PLRA") amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

1

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See Akassy v. Hardy*, 887 F.3d 91, 93 (2d Cir. 2018) ("the PLRA contains a 'three-strikes' rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits,' with an exception provided for a prisoner who is in imminent danger of serious physical injury." (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)). This provision requires the denial of Mr. Ramos' motion to proceed *in forma pauperis* in this case.

Mr. Ramos has had three cases or appeals dismissed as frivolous. *See Ramos v. City of Norwich*, 17-cv-237 (VAB) (dismissed Apr. 14, 2017); *Ramos v. Semple*, 18-cv-583 (VAB) (dismissed Aug. 28, 2018); and *Ramos v. Malloy*, 18-cv-1669 (KAD) (dismissed Nov. 15, 2018).

Because the three-strikes provision applies in this case, Mr. Ramos may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." *Akassy*, 887 F.3d at 96. Further, the imminent danger must be related to the unlawful conduct alleged in the complaint. *Id.* ("[A]s the 'unmistakable purpose' of the imminent-danger exception to the three-strikes bar 'is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy *for* an imminent danger,' 'there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint.'" (quoting *Pettus*, 554 F.3d at 297)).

To proceed without prepayment of the filing fee, Mr. Ramos must meet two requirements. He must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See Pettus,* 554 F.3d. at 296-97. In addition, the danger of

imminent harm must be present at the time the complaint is filed. *See id.* at 296; *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1764, 1761 (2015) (endorsing a literal reading of three-strikes provision and explaining that when inmate "has accumulated three prior dismissals on statutorily enumerated grounds," "a court may not afford him *in forma pauperis* status with respect to his additional civil actions").

Here, the Complaint raises claims relating to improper handling of incoming or outgoing mail and failure to properly investigate grievances. The defendants are Commissioner of Correction, Warden Mulligan, Lieutenant Roy, and Jessica Bennett. And Mr. Ramos alleges no facts showing that he was in danger of serious physical injury from any defendant at the time he filed the complaint. Mr. Ramos therefore fails to meet the exception.

The order granting Mr. Ramos leave to proceed *in forma pauperis*, ECF No. 9, is hereby **VACATED**. Mr. Ramos previous motions to proceed *in forma pauperis*, ECF No. 2, 7, are **DENIED**. All further proceedings in this matter shall be held in abeyance for twenty days pending Mr. Ramos' delivery of the filing fee in the amount of $400.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.

Failure to tender the filing fee within **twenty days** from the date of this Order will result in the dismissal of this action.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of April 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE